# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
### Eastern Division

John Doe
                    Plaintiff,

v.                                                       Case No.: 1:22−cv−06105
                                                               Honorable Charles P. Kocoras

The University of Chicago
                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, November 4, 2022:

        MINUTE entry before the Honorable Edmond E. Chang (serving as Acting Emergency Judge): On review of the Plaintiff's motion for temporary restraining order [4], the motion is granted for a 14−day period, expiring on 11/18/2022 (of course the order will expire earlier if the assigned judge dissolves the TRO or later if the assigned judge extends it). As noted during today's hearing, this order provides notice to the parties of the decision; the detailed order will be posted as soon as practicable. In summary, the requisite elements to issue a TRO are met at this time, though recognizing that there has not yet been a full adversarial presentation. (1.) On the likelihood of success, the Plaintiff has shown some likelihood of success on the merits of Count 1, the Title IX deliberate−indifference claim, because of what appears to be a failure to take into account the alleged sexual−orientation harassment of Student 1 (who is the accuser against the Plaintiff for the alleged housing−policy violation). Neither the decision letter of 10/24/2022 nor the appeal−denial letter of 10/31/2022 mention any investigation or consideration (even to reject it) of the alleged harassment. Also, the University does not appear to have interviewed the Plaintiff's identified witness, Student 3, during the decision−making on the Plaintiff's housing−policy violation, not at all before the 10/24/2022 decision and only as part of another student's proceeding before the 10/31/2022 appeal denial. What's more, the 10/31/2022 appeal denial inexplicably (again, at this stage of the case, without full adversarial presentation) does not actually explain why the appeal was denied, but only ipse dixit concludes that the standards for a successful appeal were not met. This is enough to show some likelihood of success for purposes of issue a TRO to preserve the status quo, especially given the other TRO factors in the balancing act. (2.) On irreparable harm and inadequate remedy at law, on this record, the Plaintiff has shown that forcing him to move out in one week's time (and now over the weekend, by 11/07/2022 at 3 p.m.) would cause irreparable harm and monetary damages would not suffice on the back end. Identifying alternative housing and moving into it in one week's time is not a mere inconvenience under even the best circumstances, let alone for a student in midst of an academic semester. The likelihood of an adverse impact on the Plaintiff's academic progress, graduate−school application preparation, and social and study opportunities is established on this (early) record. Even if the Plaintiff could financially handle a move (he does not say that financial wherewithal is the problem), it is those non−monetary obstacles that qualify as the irreparable harm for

which no adequate remedy at law exists. (3.) On the balance of harms, it is true that Student 1 also has significant and intense interests at stake. For now, however, the no−contact directive appears to be working. And nothing in this order prevents the University from strengthening the no−contact directive to minimize even inadvertent contact in dorms, dining halls, or any other building or space on campus. For example, the University may examine each student's class and extracurricular schedules, and then provide further direction as needed to prevent contact. (4.) The public−interest factor does not tip toward one party or the other. (5.) The need for the issuance of the TRO without a full adversarial presentation is warranted given the deadline to move by 11/07/2022 at 3 p.m. (6.) Effective now and continuing through 11/18/2022, the Defendant is barred from enforcing the 10/24/2022 and 10/31/2022 directive to move out of the residence hall and barred from enforcing the 10/24/2022 and 10/31/2022 ban from Housing and Residence Life halls and dining commons. This order binds the following persons with actual notice of the order: the Defendant's officers, agents, servants, employees, and attorneys, as well as any other persons who are in active concert or participation with those listed categories of individuals. (7.) The motion [5] to proceed under pseudonym and to label other case participants with pseudonyms is entered and continued for the assigned judge's later consideration. For now, the pseudonyms may remain in place.Emailed notice(Chang, Edmond)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.